UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOUIS M. MATHERNE | * | CIVIL ACTION |
| VERSUS | * | NO. 21-819 |
| BP EXPLORATION & PRODUCTION INC. ET AL. | * | SECTION "J" (2) |

Related to:  12-968 BELO in MDL 2179

## REPORT AND RECOMMENDATION

Defendants BP Exploration & Production Inc. and BP America Production Company filed a Motion to Dismiss Plaintiff's Complaint in the captioned case pursuant to Section IV(1) of the BELO Case Initial Proceedings Case Management Order (MDL 2179, ECF No. 14099).[1]  Neither party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Local Rule 7.5 requires that a memorandum in opposition to a motion must be filed no later than eight days before the noticed submission date.  No memorandum in opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 4, has been received.  Accordingly, this motion is deemed unopposed.

Having considered the record, the parties' submissions, the applicable law and finding that oral argument is not needed, I recommend that BP's Motions to Dismiss be GRANTED and that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for the following reasons.

## I.     BACKGROUND

Plaintiff Louis M. Matherne filed this Back-End Litigation Option suit ("BELO") for Later Manifested Physical Conditions ("LMPC") on April 23, 2021.  *See* ECF No. 1.  He claims that he

---

[1] *See* ECF No. 4.

1

suffered injuries as a result of exposure (through inhalation, airborne and direct contact) to oil, dispersants, and other harmful substances during clean-up work related to the BP oil spill. ECF No. 1, ¶¶ 49-51. Plaintiff claims to have satisfied all pre-suit conditions, stating in pertinent part:

> Plaintiff has submitted the required Notice of Intent to Sue and all required materials referenced therein to the Claims Administrator to seek compensation for his chronic B1 injuries in the instant BELO lawsuit. (MSA, §VII.A. and G). Since Defendants have elected not to mediate Plaintiff's claim, Plaintiff now timely files the instant BELO lawsuit in order to recover for the above-referenced physical and emotional injuries in accordance with the MSA. (MSA, §VII.C. and G).

*Id.* at 53.

Defendants now move to dismiss Plaintiff's Complaint for failure to satisfy the conditions precedent mandated by the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA") because "Plaintiff did not submit a Notice of Intent to Sue ('NOIS') to the Claims Administrator prior to filing his complaint, as required by Section VII of the MSA." ECF 4-3, at 1. Defendants assert that, contrary to Plaintiff's representation that he submitted a Notice of Intent to Sue before filing suit and that BP elected not to mediate his claim, there is no record that Plaintiff submitted a Notice of Intent to Sue to the Claims Administrator, Epiq Mass Tort ("GRG"), prior to filing suit. *Id.* at 7. Defendants allege that the Claims Administrator did not receive a Notice of Intent to Sue from Plaintiff prior to the filing of his complaint; that Plaintiff provided BP with a Notice of Intent to Sue that was dated May, 18, 2021; and that the Claims Administrator received a Notice of Intent to Sue from Plaintiff for the first time on May 20, 2021. *Id.* at 7-8 (footnotes omitted). Defendants argue that Plaintiff's Notice of Intent to Sue submission to the Claims Administrator on May, 20, 2021 is irrelevant because no Notice of Intent to Sue was submitted prior to his filing suit. *Id.* at 8. Considering Plaintiff's failure to satisfy the conditions precedent to the filing of a BELO complaint, Defendants seek dismissal without prejudice. ECF No. 4.

## II. LAW AND ANALYSIS

### A. BELO Background

The BELO lawsuit process is the exclusive remedy for class members who did not opt out of the settlement and who seek compensation for Later-Manifested Physical Conditions, as defined in the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement (the "MSA"). *See* 10-md-2179, ECF No. 6427-1, at § II(VV). As a condition precedent to filing a BELO suit, a class member must submit a Notice of Intent to Sue to the Medical Settlement Agreement Claims Administrator (the "Claims Administrator"), who must transmit the notice to BP within ten days. BP then has 30 days to decide whether to mediate the claim. The MSA expressly provides:

> Any BACK-END LITIGATION OPTION LAWSUIT against a BACK-END LITIGATION OPTION DEFENDANT must be filed within 6 months of either: (a) notice by the CLAIMS ADMINISTRATOR to the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER of the election of all BP defendants named in the NOTICE OF INTENT TO SUE not to mediate, or (b) written confirmation by the CLAIMS ADMINISTRATOR to the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER and to all BP defendants named in the NOTICE OF INTENT TO SUE that the mediation did not resolve the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S claim as to all BP defendants named in the NOTICE OF INTENT TO SUE.

*Id*. at §§ VIII(G)(1)(b). A class member "may assert a claim against a BACK-END LITIGATION OPTION DEFENDANT in a BACK-END LITIGATION OPTION LAWSUIT *only* for that LATER-MANIFESTED PHYSICAL CONDITION for which he or she timely submitted a NOTICE OF INTENT TO SUE. *Id.* at § VIII(G)(2)(a) (emphasis added).

In this case, Plaintiff asserts that he submitted the required Notice of Intent to Sue and completed all other conditions precedent. ECF No. 1, ¶ 53. In their Motion to Dismiss Plaintiff's Complaint, Defendants submit the Declaration of Katherine H. Hosty, Special Counsel and Senior Director at GRG, the Claims Administrator. ECF No. 4-3 at 7; *see* ECF No. 4-4. Ms. Hosty states that "[t]he Claims Administrator maintains a file for each Medical Benefits Class Member who

has submitted a Notice of Intent to Sue ('NOIS') to the Claims Administrator," that the Claims Administrator received a Notice of Intent to Sue from Plaintiff on May 20, 2021, and that submission on May 20 is the only submission from Plaintiff for which the Claims Administrator has a record. ECF No. 4-4, ¶ 3-4.

## B. Dismissal With/Without Prejudice

BP seeks a dismissal *without* prejudice because plaintiff failed to satisfy the conditions precedent to a lawsuit. It argues plaintiff can cure this failure by meeting all required conditions precedent for a BELO suit, including the submission of a timely and compliant Notice of Intent to Sue to the Claims Administrator.

The CMO governs basic procedural matters at the outset of BELO cases. ECF No. 3. It expressly permits the parties to move to dismiss an individual BELO complaint with*out* prejudice for failure to complete the conditions precedent to filing a lawsuit. *Id*. at ¶ IV(1)(A).

## III. CONCLUSION

The record reflects that Plaintiff submitted a Notice of Intent to sue to the Claims Administrator on May 20, 2021, *after* filing this BELO lawsuit on April 23, 2021. ECF No. 4-4, ¶ 4; ECF No. 1. Plaintiff failed to satisfy the MSA's conditions precedent before filing the instant lawsuit. Accordingly, for the foregoing reasons,

IT IS RECOMMENDED that the Motion to Dismiss Plaintiff's Complaint (ECF No. 4) filed by Defendants BP Exploration & Production Inc. and BP America Production Company be GRANTED and that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE to refiling once all BELO suit pre-conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[2]

    New Orleans, Louisiana, this __16th__ day of June, 2021.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).